# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JOHN MILTON,

       Plaintiff,

v.                           CASE NO.  4:12cv384-RH/CAS

JOSEPH MILLIGAN et al.,

       Defendants.

_____/

## ORDER DENYING THE TRUSTEES' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

This case arises from a dispute over the administration of a charitable trust. The plaintiff is a contributor to the trust who claims a special role in carrying out the trust's charitable purposes. The defendants are the trust, two current trustees, a former trustee, and a trust employee. The current trustees have moved to dismiss for failure to state a claim on which relief can be granted, or alternatively for summary judgment. This order denies the motion.

I

A district court should grant a motion to dismiss for failure to state a claim unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id*.; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A party who moves for summary judgment must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

II

Here the relevant pleading is the first amended complaint. Its allegations include the following. The defendant Geraldine C. M. Livingston Foundation is a charitable trust whose primary asset is a plantation. The Foundation's charitable purposes include operating the plantation as a wildlife refuge, operating an animal shelter, operating the plantation's buildings as an historic site or museum and as administrative offices for the Foundation, and establishing a site for field trials and other public events compatible with the other purposes.

The defendants Dearl Hemphill and Sumner Reed are two of the Foundation's eight trustees. The defendant Joseph Milligan was a trustee until recently. For ten years or more, these three trustees used the plantation as their own private hunting and recreational preserve, contrary to the Foundation's charitable purposes. For example, these defendants entertained private guests at the plantation, at Foundation expense, sometimes in exchange for the guests' reciprocal invitations to their own desirable properties or events. These defendants controlled the Foundation's books and hid the improper activities.

In 2003 and 2009, the Foundation and the plaintiff John Milton entered agreements—referred to in this order as leases—giving Mr. Milton substantial rights on the property. Mr. Milton paid the Foundation hundreds of thousands of dollars in rent. Mr. Milton had a central role in hosting numerous field trials on the plantation—the Foundation's "principal public charitable activity," ECF No. 7 at 6—and made hundreds of thousands of dollars in charitable contributions to the Foundation, over and above the rent. Mr. Milton restored plantation buildings at his own expense and otherwise enhanced the plantation. Since the death of the original settler—Geraldine C. M. Livingston—Mr. Milton has been the Foundation's "largest, single contributor" and "one of its most ardent and generous supporters." ECF No. 7 at 7.

The leases automatically renewed unless a party gave notice of termination. A Foundation employee, Tevon Jones, complained that the Foundation had discriminated against him based on race in violation of 42 U.S.C. § 1981. Mr. Jones is African American. In presuit mediation on Mr. Jones's claim, Mr. Milton supported Mr. Jones. In retaliation—and because of Mr. Milton's association with and later hiring of Mr. Jones—the Foundation gave Mr. Milton notice terminating the leases.

III

The first amended complaint asserts the following claims. Count I asserts a claim against the Foundation and the three current or former trustees under 42 U.S.C. §§ 1981 and 1982. Count II asserts a claim for removal of the two current trustees—Mr. Hemphill and Mr. Reed—and for a surcharge against them and the former trustee, Mr. Milligan, for their personal use of Foundation property. Count III asserts a claim against the Foundation for unjust enrichment. Count IV asserts a claim against Mr. Hemphill, Mr. Reed, and Mr. Milligan, and against a Foundation employee, for tortiously interfering with the leases. Count V asserts a claim against the Foundation for breach of the leases. And Count VI asserts a declaratory-judgment claim against the Foundation regarding termination of the leases.

Mr. Hemphill and Mr. Reed have moved to dismiss the claims against them—counts II, III, and IV—for failure to state a claim on which relief can be granted. Alternatively, they ask for summary judgment. The summary-judgment motion joins issue on the first amended complaint's factual allegations, as set out above, in only two respects. First, the defendants have filed a declaration indicating that other trustees—not Mr. Hemphill or Mr. Reed—moved and seconded a motion to terminate the leases, and the eight trustees passed the motion unanimously; the vote of neither Mr. Hemphill nor Mr. Reed was essential to the outcome. Second, the defendants have filed a declaration asserting that since 1997, Mr. Hemphill and Mr. Reed have properly scheduled all plantation hunting activities in which they participated, and those hunting activities were consistent with the Foundation's wildlife-management plan.

In response, Mr. Milton asserts that the first amended complaint should not be dismissed. He asserts that summary judgment should be denied or, alternatively, that consideration of summary judgment should be deferred pending factual development.

## IV

As set out in a separate order denying the Foundation's motion to dismiss, Count I adequately alleges that the leases were terminated in violation of §§ 1981

and 1982.  Mr. Hemphill and Mr. Reed assert, though, that the count does not adequately state a claim *against them*.

As Mr. Hemphill and Mr. Reed acknowledge, an individual can be held liable for an entity's violation of § 1981 or § 1982.  But Mr. Hemphill and Mr. Reed note, correctly, that the statutes do not impose *vicarious* liability; an individual can be held liable only if the individual personally violated a statute.  Mr. Hemphill and Mr. Reed say—and the record indicates without dispute—that they did not make or second the motion to terminate the leases, that they held only two of the eight votes, that the vote on the motion was unanimous, and that their votes were not essential to the outcome.  Mr. Hemphill and Mr. Reed say that they therefore cannot be held liable for the lease termination.

The issue, though, is not who made or voted for the motion.  Mr. Milton will prevail against Mr. Hemphill or Mr. Reed on this claim if (1) the individual defendant participated in the decision to terminate the lease—as each of these individuals plainly did by voting on the motion to terminate, if not also in other respects, (2) a motivating factor in the individual defendant's own participation was prohibited discrimination or retaliation, and (3) the Foundation would not have made the same decision anyway, even in the absence of the improper motive.  The same-decision element requires proximate causation; misconduct that does not affect the outcome is not actionable.  And the same-decision element may present

complications if it ultimately turns out that multiple trustees acted from discriminatory or retaliatory motivation—either in concert or separately. But those are complications that need not be addressed at this time.

In asserting that an individual can never be held liable for a § 1981 or § 1982 violation if the formal decision-making authority rests elsewhere, Mr. Hemphill and Mr. Reed elevate form over substance. Courts have repeatedly rejected such an approach. Courts have held that liability for prohibited discrimination cannot be avoided just because the formal decision-making authority resides in an actor insulated from the discriminatory animus. A recent example is *Staub v Proctor Hospital*, 131 S. Ct. 1186 (2011). That case arose under the Uniformed Services Employment and Reemployment Rights Act and addressed entity liability, not individual liability. But the principle is the same: liability turns on the actual facts and proximate causation, not just formal decision-making authority.

So the first amended complaint adequately states a § 1981 and § 1982 claim against Mr. Hemphill and Mr. Reed. And they are not entitled to summary judgment on the claim—at least not yet. In due course Mr. Milton will have to present evidence that Mr. Hemphill and Mr. Reed did more than just provide two votes for terminating the leases; they must have *caused* the termination. But the declaration addressing the formal motion and vote—without addressing at all these defendants' actual motivation, the events and analysis that preceded the formal

motion and vote or the defendants' role in them, or other matters of substance—is not enough, at this stage, to warrant summary judgment.

V

Mr. Hemphill and Mr. Reed challenge Count II—the claim to remove them as trustees and surcharge them for private benefits—on the ground that Mr. Milton is not a settlor of the trust and lacks standing to assert a claim of this kind. The Foundation is a Florida trust that operates primarily if not entirely in Florida, so Florida law governs the issue of who may enforce the trust's terms.

Under Florida Statutes § 736.0405(3), "The settlor of a charitable trust, among others, has standing to enforce the trust." A settlor is "a person, including a testator, who creates or contributes property to a trust." *Id*. § 736.0103(16). But a person who contributes property is a settlor only of the portion of the trust attributable to that contribution—and only if no other person "has the power to revoke or withdraw that portion." *Id*.

Mr. Hemphill and Mr. Reed assert that Mr. Milton is not a "settlor," despite his contributions. But even if that is correct, that does not end the matter; under the plain terms of § 736.0405(3), the settlor is only one, "among others," who may enforce the trust.

In *Delaware ex rel. Gebelein v. Fla. First Nat'l Bank of Jacksonville*, 381 So. 2d 1075 (Fla. 1st DCA 1979), the issue was which "others" may enforce a

charitable trust. After noting that ordinarily only the state's Attorney General may

do so, the court said:

> However, it has been recognized that an entity other than the Attorney General can be a proper party to bring suit to enforce a charitable trust. Trustees have been permitted to bring suit against co-trustees, and *persons or organizations having a special interest in a trust* or a special status under a trust instrument are considered to have standing to enforce the trust. Bogart, Trusts and Trustees, 2d Ed. Revised, ss 412, 413, 414 (1977), Fisch, Freed, Schlachter, Charities and Charitable Foundations, ss 713, 718, 719 (1974); Scott on Trusts, 3d Ed. s 391 (1967). In other areas Florida courts have recognized that a party alleging a special interest, an interest beyond that general interest possessed by the public at large, has standing to bring suit. See *United States Steel Corp. v. Save Sand Key*, 303 So.2d 9 (Fla.1974). The reason for requiring a special interest is the same reason for the general rule that only the Attorney General may bring suit to enforce a charitable trust:
>
>> "If it were otherwise there would be no end to potential litigation against a given defendant, whether he be a public official or otherwise, brought by individuals or residents, all possessed by the same general interest . . . ." *Askew v. Hold the Bulkhead-Save our Bays*, 269 So.2d 696 (Fla. 2d DCA 1972).

*Gebelein*, 381 So. 2d at 1077-78 (emphasis added).

Mr. Milton has adequately alleged a "special interest" in the Foundation.

According to the first amended complaint, his interest is far different from that of

the general public, not only because of his financial contributions, but also because

of his restoration and enhancement of the Foundation's primary asset—the

plantation—and his central role in carrying out the Foundation's "principal public

charitable activity." ECF No. 7 at 6. Mr. Hemphill and Mr. Reed have not challenged these factual assertions in seeking summary judgment.

Count II adequately states a claim on which relief can be granted. And Mr. Hemphill and Mr. Reed are not entitled to summary judgment on this claim at this time.

VI

Count IV asserts a claim for tortious interference with the leases. As both sides agree, a tortious-interference claim ordinarily does not lie against an employee—or, as in this case, a trustee—of a party to the contract. *See*, *e.g.*, *Abruzzo v. Haller*, 603 So. 2d 1338, 1339-40 (Fla. 1st DCA 1992). But there is an exception: an employee or trustee can be held liable for acting entirely in the individual's own self-interest, not to any degree in the interest of the party to the contract. *See*, *e.g.*, *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1099 (Fla. 1st DCA 1999). So Mr. Hemphill or Mr. Reed can be held liable for tortiously interfering with the leases only if he acted entirely in his own self-interest and not at all in the interest of the Foundation.

Count IV adequately alleges that that is what occurred. And the tortious-interference claim is plainly *not* barred by the economic-loss rule. The motion to dismiss this count is unfounded.

Mr. Hemphill and Mr. Reed also are not entitled to summary judgment on this claim at this time. They have filed a cryptic declaration that, read broadly, asserts that their activities on the plantation were proper. But their evidence does not address their actual role in terminating the leases, their motivation, or such things as whether, in exchange for bringing guests on the property, they received reciprocal invitations to desirable properties or events. The record does not establish beyond dispute that count IV is unfounded.

VII

For these reasons,

IT IS ORDERED:

1.      The motion of Mr. Hemphill and Mr. Reed to dismiss or for summary judgment, ECF No. 13, is DENIED.

2.      Mr. Milton's motion, ECF No. 22, to defer consideration of the summary-judgment motion is DENIED AS MOOT.

SO ORDERED on March 5, 2013.

s/Robert L. Hinkle
United States District Judge