IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN MILTON,

      Plaintiff,

v.                                 CASE NO. 4:12cv384-RH/CAS

JOSEPH MILLIGAN et al.,

      Defendants.

_____/

## ORDER DENYING THE DEFENDANT
## FLOYD'S MOTION TO DISMISS

The plaintiff has asserted a claim that arises under federal law and is within the court's jurisdiction under 28 U.S.C. § 1331. The plaintiff has asserted other claims that arise under state law but are within the court's supplemental jurisdiction because they are so closely related to the federal claim that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). One defendant, Randy Floyd, is named only in a state-law claim, not in the federal claim. He has moved to dismiss for lack of jurisdiction. He also has asserted other grounds for dismissal, but those are unfounded for reasons set out in orders denying other defendants' motions to dismiss.

Supplemental jurisdiction extends to "claims that involve the joinder or intervention of additional parties." *Id.* Jurisdiction thus plainly exists over the claim against Mr. Floyd. Even so, a court may decline to exercise supplemental jurisdiction if

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c); *see also Palmer v. Hospital Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566-69 (11th Cir. 1994).

These factors do not authorize declining jurisdiction here. And in any event, as a matter of discretion, I would not decline to exercise jurisdiction, even if I could. The claim against Mr. Floyd is part and parcel of the entire case or controversy. The entire case or controversy should be resolved without being

unnecessarily fragmented.

For these reasons,

IT IS ORDERED:

Mr. Floyd's motion to dismiss, ECF No. 35, is DENIED.

SO ORDERED on March 5, 2013.

                                            s/Robert L. Hinkle
                                            United States District Judge